## No. 6388.

STATE EX REL. JOHN A. DARDENNE VS. THE JUDGE OF THE FIFTH JUDICIAL DISTRICT COURT, PARISH OF IBERVILLE.

| 28 | 889 |
| 52 | 1284 |

It is not necessary that the parish judge, acting in the absence of the district judge, should have caused to be taken a rule to show cause before issuing the injunction prayed for. There is nothing in the law upon this subject which requires the judge to do this. The amount of the bond to be given is such as the court may determine. This is a matter of discretion with the judge, which this court is not to interfere with.

As to whether the party enjoined is permitted to set aside the injunction upon giving bond, when the act complained of will not work irreparable injury to the plaintiff who enjoins—which irreparable injury is not alleged—the question of irreparable injury is the only one which this court can examine on the appeal applied for, and is therefore subject to its revision. The judge *a quo* erred in refusing said appeal.

APPLICATION for a writ of mandamus and prohibition against the judge of the Fifth Judicial District, parish of Iberville. *Barrow & Pope,* for relator. Judge *Dewing, in propriâ personâ.*

MORGAN, J. Relator obtained an injunction against the sheriff of the parish of Iberville et al., staying proceedings in an order of seizure and sale. The order was signed by the parish judge.

Application was made subsequently to the district judge to dissolve the injunction upon defendant's furnishing bond, which was done. From this order relator prayed for a suspensive appeal, which the district judge refused to grant. Relator asks for a mandamus compelling him to grant the appeal.

The district judge assigns many reasons why the rule should not be made peremptory, but most of them relate to the defense of the main suit, that is, the propriety of dissolving the injunction. These it is not necessary for us to consider, the only question before us being whether or not the relator is entitled to a suspensive appeal from the order setting aside the injunction upon the parties furnishing bond.

The first answer of the district judge is, that in his absence the parish judge granted the injunction without having caused the plaintiff in execution to take a rule to show cause why the injunction should not issue

on a bond for one hundred and fifty dollars. It was not necessary that the parish court should have caused a rule to show cause to be taken before issuing the injunction. There is nothing in the law upon this subject which requires the judge to do this. The amount of the bond to be given is such as the court may determine. C. P. 304. This is a matter of discretion with the judge which we are not to interfere with.

The second answer is, that the party enjoined is permitted to set aside the injunction upon giving bond, when the act complained of will not work an irreparable injury to the plaintiff who enjoins. He says that no irreparable injury is alleged by the plaintiff in injunction. Therefore, he says, he was authorized to set aside the injunction upon the defendant in injunction furnishing a bond.

The question as to irreparable injury is the only one which we can examine on the appeal, and is therefore subject to our revision.

The rule is made absolute.